**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

IN THE MATTER OF REAL
ESTATE FORBEARANCE
CONTRACT: BILLY LLOYD
EDWARDS,

        Plaintiff - Appellant,

v.

THE BANK OF NEW YORK; THE
STATE OF NEW MEXICO

        Defendants - Appellees.

No. 02-2310
(D.C. No. CIV-02-781-LH/LCS)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not aid in the disposition of this appeal.

See Fed. R. App. P. 34(a)(1)(c). The case is therefore ordered submitted without

oral argument.

---

      [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Billy L. Edwards appeals the district court's dismissal of his action against the State of New Mexico and the Bank of New York on the grounds that the court lacked subject matter jurisdiction. Mr. Edwards's allegations arise out of a foreclosure action filed by the Bank of New York in New Mexico state court. Mr. Edwards appealed the New Mexico state court's default judgment foreclosure decree the New Mexico Court of Appeals. After the Court of Appeals affirmed the trial court, Mr. Edwards filed a petition for a writ of certiorari in the New Mexico Supreme Court, which denied his petition.

Mr. Edwards then filed a number of pleadings in the United States District Court for the District of New Mexico: a Motion for a Stay on the Property, a Petition for Review and Writ of Subpoena, and a Notice of Removal. The district court dismissed all of Mr. Edwards's claims, reasoning that diversity jurisdiction was lacking: Mr. Edwards is a citizen of New Mexico and one of the defendants is the state of New Mexico. As to Mr. Edwards's federal claims, the district court concluded that they were barred by the Rooker-Feldman doctrine: Mr. Edwards had attempted "to use [the federal district court] to overturn the state court's judgment." Rec. doc. 40, at 3 (District Court Order, filed Oct. 9, 2002); see D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

For substantially the same reasons set forth by the district court, we agree that subject matter jurisdiction is lacking. There is no complete diversity of citizenship. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (stating that "[w]hen a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal"); see also 28 U.S.C. 1332(a) (diversity jurisdiction may only be established where the suit is between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; [or] (4) a foreign state . . . as plaintiff and citizens of a State or of different States."). Moreover, Mr. Edwards cannot employ the federal courts to seek review of a state court decision. See Kiowa Indian Tribe of Okla. v. Hoover, 150 F.3d 1163, 1169 (10th Cir. 1998) (stating that the Rooker-Feldman doctrine "bars a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"); see also Long v. Shorebank Development Corp., 182 F.3d 548, 555-58 (7th Cir.(Ill.) Jun 25, 1999) (noting that the Rooker-Feldman doctrine does not apply "if the alleged injury is distinct from the state court judgment and not inextricably intertwined with it").

Accordingly, we AFFIRM the district court's dismissal of Mr. Edwards's complaint. In light of our affirmance of the dismissal of complaint, we DENY Mr. Edwards's motions to compel, his motion for stay, and his Motion for Speedy Consideration, Addendum to Expedited Motion for Protective Court Order and Federal Court Sanctions as moot.

Entered for the Court,


Robert H. Henry
Circuit Judge